IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        Case No. 13-10018-02-JWB

SERGIO LEYVA-PALOMINO,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for extension of time to file a motion under 28 U.S.C. § 2255. (Doc. 71.) Defendant was sentenced on May 4, 2021, after entering a guilty plea to one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. 68.) Under § 2255(f), Defendant had one year to file his federal habeas petition after his conviction became final. Because he did not file a direct appeal, the one year statute of limitations period began to run 14 days after the entry of judgment. Therefore, his one year statute of limitations period was set to expire on May 18, 2022. Defendant moved for an extension of this deadline on May 9, 2022.

In his motion, Defendant states that he seeks an extension of time to file his § 2255 motion because he is awaiting his legal files from the clerk's office and from his attorney. Defendant also seeks assistance in obtaining his legal file and states that he is missing docket number 69. This court lacks authority to extend the statutory deadline in 28 U.S.C. § 2255. *See Washington v. United States*, 221 F.3d 1354, 2000 WL 985885 at *1–2 (10th Cir. July 18, 2000). "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent

1

to accelerate the federal habeas process." *Id.* at *1. The deadline to file a § 2255 motion, however, is subject to equitable tolling, but the question of tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court sua sponte. *United States v. Daniels*, 191 F. App'x. 622, 622 (10th Cir. 2006) (quoting *United States v. Verners*, 15 F. App'x. 657, 660 (10th Cir. 2001)). Although Defendant states that he plans to file a motion for ineffective assistance of counsel pursuant to § 2255, Defendant's motion for an extension of time cannot be construed as a motion under § 2255. Because Defendant has not yet filed a § 2255 motion, his motion for an extension of time is not ripe for adjudication. *Id.*; *United States v. Woods*, No. 11-40046-01-JWL, 2015 WL 11202630, at *2 (D. Kan. Dec. 18, 2015).

Defendant also asks the court to order his defense counsel, Robert Moody, to provide him with his legal file. The court construes this as a motion to access his materials. According to Defendant, he sent a written request to Moody for his legal file which Defendant claims was "ignored." (Doc. 71-1 at 2.) Defendant fails to provide any information regarding when he sent his letter to Moody and the court has no further information as to whether Moody received the request or has since provided Defendant with the materials. Defendant asserts that he needs his arrest warrant, discovery, pretrial motions, and briefs filed in this case. As these items may be necessary for Defendant to pursue his claims, the court concludes that defense counsel is to provide those items to Defendant if counsel has not already done so.

Defendant's motion for an extension of time (Doc. 71) is DISMISSED FOR LACK OF JURISDICTION. Defendant's motion for access to his materials is GRANTED. The clerk is to provide Defendant with a copy of docket entry 69. Defense counsel, Robert Moody, is to provide

3

Defendant with a copy of Defendant's legal file that is in Moody's possession as discussed herein within two weeks of this order if he has not already done so.

IT IS SO ORDERED.  Dated this 19th day of July 2022.

                                                                 s/ John W. Broomes
                                                                JOHN W. BROOMES
                                                               UNITED STATES DISTRICT JUDGE