IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> SERGIO LEYVA-PALOMINO, <br><br> Defendant. | Case No. 13-10018-02-JWB |

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for a sentence reduction. (Doc. 73.) The motion is fully briefed and ripe for review. (Docs. 75, 76.) For the reasons stated herein, Defendant's motion is DENIED.

**I.     Facts and Procedural History**

On January 29, 2013, Defendant was charged by indictment with two counts of distribution of a controlled substance under 21 U.S.C. § 841(1)(a) and seven counts of unlawful use of a communication device under 21 U.S.C. § 843(b). (Doc. 1.) On September 9, 2020, Defendant pleaded guilty to one count of distribution of a controlled substance. (Doc. 58.) According to the plea agreement, Defendant delivered methamphetamine to an undercover officer in a quantity in excess of 50 grams actual methamphetamine. A presentence report was ordered after the guilty plea. On May 4, 2021, Defendant was sentenced to 120 months imprisonment. (Doc. 68.)

Defendant moves for a sentence reduction on the basis that there has been a change to the sentencing guidelines that would impact the sentence.

**II.    Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d

707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited April 17, 2024).

Here, Defendant has a criminal history score of two; he is not a Zero-Point Offender and § 4C1.1 does not alter his sentencing range. However, Defendant received two status points for being under a criminal justice offense. Plaintiff's sentencing guideline range was 151 to 188 months based on a criminal history category III and a total offense level of 32. But he was only sentenced to 120 months. Under the current guidelines, he would receive no status points. He would thus be in criminal history category II, and his updated sentencing range would be 135–168 months. Because Defendant was previously sentenced to 120 months imprisonment, his current sentence is already below the adjusted guideline range. Therefore, he is not entitled to further reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . .").[1]

### III. Conclusion

Defendant's motion for sentence reduction (Doc. 73) is DENIED.

IT IS SO ORDERED.

---

[1] Defendant appears to attempt to convert his motion to one for compassionate release in his reply. This is procedurally inappropriate, so the court does not consider these arguments.

Dated: May 8, 2024 /s/John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE