IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                        Case No.  13-10018-2-JWB

SERGIO LEYVA-PALOMINO,

Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to reduce sentence.  (Doc. 82.)  The motion has been fully briefed and is ripe for decision.  (Docs. 83, 85.)  For the reasons stated herein, the motion is DENIED.

### I.    Facts

On January 29, 2013, Defendant was charged by indictment with two counts of distribution of a controlled substance under 21 U.S.C. § 841(1)(a) and seven counts of unlawful use of a communication device under 21 U.S.C. § 843(b).  (Doc. 1.)  On September 9, 2020, Defendant pleaded guilty to one count of distribution of a controlled substance.  (Doc. 58.)  According to the plea agreement, Defendant delivered methamphetamine to an undercover officer in a quantity in excess of 50 grams actual methamphetamine.  On May 4, 2021, Defendant was sentenced to 120 months imprisonment.  (Doc. 68.)

Defendant now moves for a sentence reduction on the basis that there are extraordinary and compelling circumstances that warrant release.

### II.    Standard

1

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ."  Prior to 2018, that section only authorized the Director of the Bureau of Prisons ("BOP") to move for a reduction.  The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Exhaustion is mandatory but it can be waived if not raised by the government.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A).  *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021).  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*. at 938.  A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements.  *Id*.  But all requirements must be addressed when the court grants a motion for release under the statute.  *Id*.  Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

## III.    Analysis

The government contends that Defendant's motion must be dismissed because he failed to exhaust his administrative remedies.  (Doc. 83.)  The motion fails to demonstrate that Defendant

exhausted his administrative remedies.  In his reply, however, Defendant asserts that he did submit a request to the warden on May 11.  (Doc. 85 at 1.)  The warden did not respond and Defendant than filed a motion with the court.  Based on Defendant's representations, the court proceeds to the merits of the claim.

Defendant's arguments, save one, are essentially attacks on the propriety of his sentence. Defendant argues that his trial counsel failed to investigate mitigation factors, the government failed to prove that the methamphetamine was ice which resulted in a higher converted drug weight, a study shows that "purity no longer distinguishes culpability levels," the current guidelines are unjust, and he should have received a minor role reduction.  (Doc. 82 at 3.)  These arguments should have been raised in a motion under 28 U.S.C. § 2255.  *See United States v. Ellsworth*, 296 F. App'x 612, 615 (10th Cir. 2008).  The Supreme Court recently affirmed that the "compassionate release provision is not a vehicle for attacking the validity of a conviction." *Fernandez v. United States*, 146 S. Ct. 1292, 1307 (2026).  Any argument suggesting that his conviction is flawed, as opposed to an argument that he is terminally ill or facing some other extraordinary circumstance, is not an extraordinary and compelling circumstance under § 3582. *See Fernandez,* 146 S. Ct. at 1305–07.  Rather, Congress provided a vehicle for those claims in a motion under § 2255.  Defendant failed to file a motion under § 2255 and the time for doing so has now passed.

The only other argument raised by Defendant is that he has been rehabilitated while incarcerated.  While that is to be commended, that cannot be a basis in and of itself for a sentence reduction.  *Rutherford v. United States*, 146 S. Ct. 1320, 1332 (2026) ("[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason") (citing 28 U.S.C. § 994(t)); *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021).

Because Defendant has not established extraordinary and compelling reasons for a sentence reduction, his motion must be denied and the court declines to address the remaining factors.

## IV.    Conclusion

Defendant's motion to reduce sentence (Doc. 82) is DENIED.

IT IS SO ORDERED.  Dated this 13th day of July, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

4