**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SERGIO LEYVA-PALOMINO,**<br><br>**Defendant.** | **Case No. 13-10018-02-**JWB |

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for a sentence reduction. (Doc. 84.) The government opposes the motion. (Doc. 86.)[1] For the reasons stated herein, Defendant's motion is DENIED.

## I. Facts and Procedural History

On January 29, 2013, Defendant was charged by indictment with two counts of distribution of a controlled substance under 21 U.S.C. § 841(1)(a) and seven counts of unlawful use of a communication device under 21 U.S.C. § 843(b). (Doc. 1.) On September 9, 2020, Defendant pleaded guilty to one count of distribution of a controlled substance. (Doc. 58.) According to the plea agreement, Defendant delivered methamphetamine to an undercover officer in a quantity in excess of 50 grams actual methamphetamine. A presentence report was ordered after the guilty plea. On May 4, 2021, Defendant was sentenced to 120 months imprisonment. (Doc. 68.)

Defendant moves for a sentence reduction on the basis that there has been a change to the sentencing guidelines that would impact the sentence.

## II. Analysis

[1] Defendant failed to file a reply and the time for doing so has now passed.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2).

Here, Defendant has moved for a sentence reduction due to a change in the guidelines for certain non-violent drug offenders. Defendant, however, fails to identify the guideline provision at issue. Notably, this court has previously rejected Defendant's motion for a reduction based on Amendment 833 as it was not identified by the Sentencing Commission as a retroactive amendment in the policy statement. (Doc. 81.) This court has also rejected Defendant's motion for a reduction based on Amendment 821. (Doc. 77.) To the extent Defendant relies on those provisions, he is not entitled to relief for the reasons previously stated.

**III. Conclusion**

As Defendant has not identified authority which would allow a sentence reduction, his motion (Doc. 84) is DENIED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

Dated: August 18, 2026

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE